**M. W. CLINGAN, Appellant,**

v.

**EMPLOYERS CASUALTY COMPANY, Appellee.**

**No. 8934.**

Court of Civil Appeals of Texas, Amarillo.

Jan. 22, 1979.

Rehearing Granted Jan. 22, 1979.

Edwards & Associates (James R. Edwards), Lubbock, for appellant.

Crenshaw, Dupree & Milam (Cecil Kuhne and William R. Moss), Lubbock, for appellee.

ON MOTION FOR REHEARING

ROBINSON, Chief Justice.

Our judgment dismissing the appeal in this cause is vacated and our opinion released January 3, 1979, is withdrawn on motion for rehearing. The following opinion is substituted.

Plaintiff, M. W. Clingan, seeks to recover death benefits under the Workers' Compensation Act for the fatal injuries received by his son, Michael Clingan. A jury answered special issues in favor of plaintiff. The court rendered judgment notwithstanding the verdict for defendant Employers Casualty Company. Plaintiff appeals. Affirmed.

Michael Clingan was a graduate student working toward a master's degree in physics at Texas Tech. University during the fall semester of 1971. During that time he was employed by the University as a teaching assistant. His primary duty as a teaching assistant was to teach two undergraduate introductory physics labs. At times stu-

dent teaching assistants were required to assist a professor with a large class, taking roll or grading papers. Michael was appointed to the position by and was under the control of Dr. Henry Thomas, chairman of the Department of Physics. He was paid out of funds appropriated by the Texas State Legislature for teaching salaries and received a salary, paid to him in nine monthly checks. As a graduate student, Michael had chosen to do research for his thesis in an area of physics in which Dr. Glenn A. Mann was working. Under Dr. Mann's tutelage, Michael had been conducting experiments and doing research in Dr. Mann's laboratory. By custom, the custodial staff and professors would pick a mutually convenient day for a laboratory to be scrubbed and cleaned. The professors did not want the custodians moving the equipment and experiments, fearing damage to expensive equipment or to an experiment. It was common practice for a professor, with the help of graduate students, to move those items themselves. A few hours before Michael's death on January 12, 1972, he and Dr. Mann moved furniture, equipment and experiments on which they were working into the hall so that the custodial staff could thoroughly clean the lab. Dr. Mann and Michael were to meet at the lab around 9:00 p. m. to put the furniture, equipment and experiments back in as soon as the floor was finished. Shortly before 9:00 p. m. Michael was shot in the hall just outside the lab and killed.

■ The Industrial Accident Board awarded death benefits to M. W. Clingan, the father of Michael. Employers Casualty Company, alleging that it was the workers' compensation carrier for Texas Tech University, filed a petition in district court appealing the award. The parties were realigned to show M. W. Clingan as plaintiff and Employers Casualty as defendant. By plea in abatement, plaintiff alleged that the trial court lacked jurisdiction because the petition appealing the award of the Industrial Accident Board was not brought in the name of Texas Technological College. Plaintiff contends that the trial court erred in overruling the plea in abatement. Plain-

tiff relies on section 11 of article 8309f, in effect at that time, which states: "If the final order of the Board is against the institution, then the institution shall bring suit to set aside said final ruling and decision of the Board . . . ." 1957 Tex. Gen. Laws, ch. 252, § 11, at 539. Under section 3 of article 8309f, Texas Tech University was authorized either to be self-insuring or to purchase workers' compensation insurance for their employees from a company authorized to do business in Texas. *Id.* § 3, at 537. Plaintiff does not contend and has failed to offer evidence that Texas Tech University was self-insured or that Employers Casualty Company was not the insurance carrier. The final order of the Board stated that Employers Casualty Company was the insurance carrier for Texas Tech University, and directed the carrier to pay compensation benefits to M. W. Clingan. We, therefore, overrule plaintiff's contention that the trial court erred in overruling the plea in abatement.

■ Plaintiff next contends that the trial court erred in failing to grant plaintiff's motion for judgment on the verdict and in granting defendant's motion for judgment notwithstanding the verdict. To sustain the action of the trial court in granting the motion for judgment notwithstanding the verdict, it must be determined that there is no evidence upon which the jury could have relied to make the findings. In acting upon the motion, all testimony must be considered in a light most favorable to the party against whom the motion is sought and every reasonable intendment deducible from the evidence is to be indulged in that party's favor. *Douglass v. Panama, Inc.*, 504 S.W.2d 776, 777 (Tex. 1974).

■ Defendant contends that Michael Clingan was not in covered employment at the time of his fatal injuries. Plaintiff contends that Michael Clingan was working in the capacity of a janitor and was, therefore, entitled to compensation benefits as a worker. The statute then in effect defined worker as:

899

[E]very person in the service of Texas Technological College under any appointment or expressed contract of hire, oral or written, whose name appears upon the pay roll of Texas Technological College, except,

\*   \*   \*   \*   \*   \*

(b) Teaching staff who are not required by their teaching or research duties to handle or work in close proximity to dangerous chemicals, materials, machinery or equipment.

1957 Tex. Gen. Laws, ch. 252, § 2, at 537.

It is undisputed that in teaching his introductory labs Michael was not in close proximity to any dangerous chemicals, materials, machinery or equipment. He was not on the custodial staff, was not on the payroll for that department and did not receive an hourly wage as did the custodians. The service he was rendering at the time of death was for his own benefit, to protect his research. Even if he was moving furniture and equipment solely because Dr. Mann had instructed him to do so, that fact alone would not enlarge his employment duties to include janitorial work, for Dr. Mann was not his employer. Michael received his employment instructions from the chairman of the department, Dr. Thomas. Dr. Mann was supervising Michael's graduate research.

We conclude that as a matter of law Michael Clingan was not in the course of covered employment at the time of his death and that the trial court did not err in entering judgment for defendant notwithstanding the verdict.

The judgment of the trial court is affirmed.

DODSON, J., not participating.